ARMSTRONG, Judge.
This suit seeks to recover damages for an injury sustained by Mrs. Alice Fossier in Mercy Hospital, during the time she was undergoing radiation therapy for cancer. The trial court rendered a judgment in favor of the defendants-appellees. We affirm.
Mrs. Fossier had cancer.[1] On September 23, 1981 Mrs. Fossier was admitted to Mercy Hospital for radiology treatment and later released. Mrs. Fossier was readmitted on October 23, 1981 for radiology treatment for her hip. During that period of time, Mrs. Fossier was in pain.
On October 30, 1981, as she had done on several prior occasions, Gwendolyn Jason, a radiology technician, went to Mrs. Fossier’s room to take her for radiology treatment. Deidre Villasco, a nurse’s aide, stood by. Mrs. Fossier got out of bed and approached the wheelchair without assistance. When Mrs. Fossier attempted to sit in the wheelchair she sat back hard into the chair. As she did so Mrs. Fossier hit her arm on the wheelchair and broke it.
A pin was implanted in Mrs. Fossier’s arm to aid healing. On January 14 she refractured the same arm. This .time a plate was placed in her arm. On February 12, 1982 the plate was removed due to the development of infection. Mrs. Fossier never regained full use of her arm.
Mrs. Fossier and her husband, claiming damages to Mrs. Fossier personally and to the marital community, brought suit against Mercy Hospital. Plaintiff contended that the hospital was negligent in failing to provide her with the necessary assistance to get into the wheelchair.
In finding for the defendant the trial court stated that
there was no duty imposed on the hospital to assist or supervise Mrs. Fossier more closely than was done. There was no breach of duty by the hospital as a result of the nurses aides’ failure to more forcefully assist the plaintiff. The hospital and its employees exercised the care reasonably to be expected in view of this particular patient’s condition.
On appeal plaintiffs claim that the trial court erred in finding that Mercy Hospital was not negligent under the circumstances.
The rules regarding the duty of a hospital toward its patients are that a hospital is bound to exercise the necessary care toward a patient that his condition requires; the hospital's duty extends to protecting a patient from dangers which may result from the patient’s physical and mental incapacities and from external circumstances peculiarly within the hospital’s control. Whether a hospital has breached its duty of care owed to a particular patient depends upon the facts and circumstances of the particular case. Richard v. Southwest Louisiana Hospi *1155 tal Association, 383 So.2d 83 (La.App. 3 Cir.1980), writ denied, 385 So.2d 274 (La.1980); Williams v. Sisters of the Incarnate Word of Galveston, Texas, 341 So.2d 1299 (La.App. 3 Cir.1977). The standard of care required of a hospital does not require a “community standard” in order to determine if a hospital is negligent under a particular set of circumstances. Richard v. Southwest Louisiana Hospital Association, supra; Bryant v. St. Paul Fire & Marine Insurance Co., supra [382 So.2d 234 (La.App.1980)].
However, the hospital’s duty has been traditionally limited: a hospital is not an insurer of a patient’s safety, and the rules of care are limited by the rule that no one is required to guard against or take measures to avert that which a reasonable person under the circumstances would not anticipate as likely to happen. Goodeaux v. Martin Hospital, Inc., 333 So.2d 717 (La.App. 2 Cir.1976), writ denied, 338 So.2d 295 (La.1976); Guidry v. State, Department of Hospitals, 317 So.2d 222 (La.App. 3 Cir.1975), writ denied, 320 So.2d 904 (La.1975).
Ray v. Ameri-Care Hospital, 400 So.2d 1127, 1138 (1st Cir.1981), writ den. 404 So.2d 277 (La.1981).
Under the standards as articulated in Ray we must agree with the trial court’s judgment. There is ample evidence in the record to support the trial court’s finding. Dr. Carl Merlin, a therapeutic radiologist who treated Mrs. Fossier at Mercy, testified that because cancer causes so much pain and is capable of spreading to many different areas of the body, a determination of how to move each patient must be made upon a case by case basis. In addition, Ms. Jason testified that Mrs. Fossier asked that she not be touched because she was in great pain. Furthermore, the record reflects that although Mrs. Fossier was very ill, she was ambulatory. To move from bed to wheelchair she merely had to stand, take a few steps and sit in the chair. Also, we note that it was the act of actually sitting in the chair, which appears to have precipitated the breaking of Mrs. Fossier’s arm, and not the fact that she was not physically assisted from her bed to the wheelchair. It is questionable whether Mercy could have or should have done anything to prevent Mrs. Fossier’s accident.
When the evidence before the trier of fact is reasonably credible and furnishes a reasonable factual basis for the trial court’s decision, an appellate court should not disturb the trial court’s holding in the absence of manifest error. Canter v. Koehring Company, 283 So.2d 716 (La.1973). We find no such error.
For the foregoing reasons the judgment of the trial court is affirmed.
AFFIRMED.

. Mrs. Fossier died on December 12, 1984. Mrs. Fossier’s estate and her children Marion F. Sen-tilles, Evelyn F. Moran and Janice White were substituted as party plaintiffs in the place of Mrs. Fossier.