333 So.2d 717 (1976)
George GOODEAUX et ux., Plaintiffs-Appellants,
v.
MARTIN HOSPITAL, INC. et al., Defendants-Appellees.
No. 12914.
Court of Appeal of Louisiana, Second Circuit.
May 24, 1976.
Rehearing Denied July 7, 1976.
*718 Martzell & Montero by Donna D. Fraiche, Frank E. Lamothe, III, New Orleans, for plaintiffs-appellants.
Baker, Culpepper & Brunson by Bobby L. Culpepper, Jonesboro, for defendants-appellees.
Before PRICE, MARVIN and JONES, JJ.
En Banc. Rehearing Denied July 7, 1976.
PRICE, Judge.
This is an appeal from the judgment rejecting the demands of George and Betty Goodeaux against Martin Hospital, Inc. and Dr. Roy V. Martin of Winnfield for damages for personal injuries and related expenses allegedly arising out of a fall sustained by Betty Goodeaux while a patient in the hospital on March 8, 1972. The action against Dr. Martin is in his alleged capacity as owner of the hospital and not under allegations relating to malpractice by a physician.
Plaintiffs allege the accident and resulting injury was caused by the fault of defendants' employees in allowing soapy water to accumulate on the bathroom floor of the private room occupied by Mrs. Goodeaux without properly warning her of this dangerous condition.
Defendant answered plaintiffs' petition denying the acts of negligence alleged and alternatively pled the doctrine of contributory negligence as a bar to plaintiffs' recovery.
Exceptions of prescription and no cause of action filed by defendants were referred to the merits and subsequently overruled by the trial court and are not an issue for review on this appeal.
A hysterectomy had been performed by Dr. Martin on Mrs. Goodeaux in the defendant hospital several weeks prior to the date of the accident sued on. She had returned to the hospital after discharge from her operation to receive further medical treatment related to the surgery and was occupying a private room with an adjoining private bath.
The facts surrounding Mrs. Goodeaux's fall as found by the trial judge and the reasons given by him for rejecting plaintiffs' demands are as follows:
Roxie Johnson, a nurses aid employed by Dr. Roy V. Martin at the hospital on March 8, 1972, was in the process of tending to Mrs. Goodeaux. While in the room that morning she emptied the water pitcher into the lavatory in the bathroom spilling some of the water on the bathroom floor. The water was not soapy

*719 water as alleged in plaintiffs' petition. Mrs. Johnson did inform Mrs. Goodeaux that the water had been spilled and that she would be back to clean it up.
While Mrs. Johnson was out of the room Mrs. Goodeaux arose from the bed and went to the bathroom. Mrs. Goodeaux, according to her own testimony, went to the bathroom, pulled up her gown and fell. After the fall, she discovered that her gown and slippers were wet. She got up and went back to her bed where the nurses found her when answering the emergency buzzer pressed by Mrs. Goodeaux in the bathroom.
After the fall Mrs. Goodeaux told her husband that she started to sit on the commode and her feet slipped out from under her and that she did not see any water until after she fell, at which time she discovered that she had water on her gown.
On October 21, 1970, Dr. William Fox, III, an orthopedic surgeon in Shreveport, Louisiana, performed surgery on Mrs. Goodeaux by which he removed a disc at the L-4 level, right, and performed a negative L5 exploration. On August 10, 1971, Dr. Fox removed a herniated disc at L-5 level and performed a negative exploration of the L-4 right. Mrs. Goodeaux as a result of the disability in her back and the surgery performed by Dr. Fox, had a history of slipping and falling, stating to Dr. Fox on October 22, 1971, that she had fallen and on two other occasions felt like she was going to fall.
There is no evidence before the Court that the water spilled by Mrs. Roxie Johnson on the bathroom floor caused or contributed to the fall of Mrs. Goodeaux. It was not soapy water as alleged in plaintiffs' petition. It was water from a water pitcher that was spilled in front of a lavatory and not in front of the commode in the bathroom. Mrs. Goodeaux discovered that her gown was wet after she had fallen and assumed that the water had caused the fall. She did not testify that the water in any way caused or contributed to the fall which she sustained.
The burden of proof to establish their case by a preponderance of the evidence is upon plaintiffs in this case. That plaintiffs have failed to do ...
On this appeal, plaintiffs complain that the trial judge was manifestly erroneous in his findings of fact and in concluding plaintiffs had not met their burden of proof in establishing negligence on the part of the hospital.
In Kilgore v. Argonaut Southwest Insurance Company, 216 So.2d 108 (La. App. 2nd Cir. 1968), we cited with approval the general rule of duty owed by a hospital from 41 C.J.S. Hospitals § 8(3), pp. 349 through 350 in pertinent part as follows:
"... On the other hand, a private hospital is not an insurer of a patient's safety, and the rules as to the care required are limited by the rule that no one is required to guard against or take measures to avert that which a reasonable person under the circumstances would not anticipate as likely to happen."
Another rule of law which is applicable to the circumstances of this case is the duty of the owner of premises to an invitee to discover dangerous conditions which are reasonably discoverable and to adequately warn the invitee of the danger to protect him from harm. Cothern v. LaRocca, 255 La. 673, 232 So.2d 473 (1970).
The two principal findings of fact by the trial judge which plaintiffs contend are erroneous on this appeal are that plaintiffs did not establish by a preponderance of the evidence that water on the floor was the cause of the fall and that the nurse's aide who spilled the water informed Mrs. Goodeaux of this circumstance.
*720 We find the evidence to support the finding of the trial judge that Mrs. Goodeaux was told by the hospital employee that water had been spilled on the bathroom floor, and we conclude the cause of her accident was her own failure to use due care for her safety under the known conditions.
The testimony of Roxie Johnson, the nurse's aide, shows the amount of water spilled was very small and that it was near the lavatory. She further testified she immediately told Mrs. Goodeaux of the occurrence and stated she would be back in a few minutes with a mop to wipe it up. She contends Mrs. Goodeaux acknowledged her warning. Although Mrs. Goodeaux denies receiving a warning from Roxie Johnson, the trial judge found as a fact that it was given.
Our review of this finding must necessarily be in accord with the rule of appellate review of facts laid down by the Supreme Court in Canter v. Koehring Company, 283 So.2d 716 (La.1973) as follows:
When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court's finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Stated another way, the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. The reason for this well-settled principle of review is based not only upon the trial court's better capacity to evaluate live witnesses (as compared with the appellate court's access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts.
Plaintiffs argue the medication being administered to Mrs. Goodeaux had caused her sensorium to be affected and this increased the duty of care on the part of the hospital employee to make certain she understood any warning that may have been given. Plaintiffs rely on the decision in Hunt v. Bogalusa Community Medical Center, 303 So.2d 745 (La.1974) as being analogous and controlling the instant case in this respect.
We do not find the mental condition of Mrs. Goodeaux to be sufficiently similar to the patient in Hunt to apply the rule adopted in that case. In Hunt the patient was a seventy-three-year-old woman who had previously suffered a stroke and was under heavy sedation from narcotics and phenobarbitals. She was described as confused and heavily sedated. Because of these circumstances, the court in Hunt held the hospital to a very high degree of care for the safety of the patient who did not have a clear sensorium.
Mrs. Goodeaux was a thirty-four-year-old woman who was fully ambulatory. The evidence does not show she was under any such sedation as involved in the Hunt case. Nor does the evidence suggest she was incapable of hearing or heeding the information given her by Roxie Johnson.
Under the circumstances shown, we do not find that plaintiffs have shown that her accident and injury resulting therefrom was caused by the negligence of the defendant's hospital or its employees.
In accord with the foregoing, the judgment appealed is affirmed at appellants' costs.