341 So.2d 1299 (1977)
James Ellis WILLIAMS, Jr., Individually and as Administrator of the Estate of the minor Patricia Louise Williams, Plaintiffs-Appellants,
v.
SISTERS OF the INCARNATE WORD OF GALVESTON, TEXAS, d/b/a St. Frances Cabrini Hospital, Inc., and Argonaut Southwest Insurance Company, Defendants-Appellees.
No. 5774.
Court of Appeal of Louisiana, Third Circuit.
January 31, 1977.
Martin S. Sanders, Jr., Winnfield, for plaintiffs-appellants.
Gist, Methvin & Trimble by H. B. Gist, Jr., Alexandria, for defendants-appellees.
Before DOMENGEAUX, WATSON and FORET, JJ.
DOMENGEAUX, Judge.
Plaintiff-appellant, James Ellis Williams, Jr., instituted this action on behalf of his minor daughter, Patricia Louise Williams, against the defendants-appellees, St. Frances Cabrini Hospital, Inc., of Alexandria, Louisiana, and its insurer, Argonaut Southwest Insurance Company, for injuries received by the minor while she was a patient at that hospital. He also claims damages individually for medical and dental expenses resulting therefrom. From a judgment in favor of defendants dismissing plaintiff's demand, the latter has appealed. We affirm.
On the evening of January 31, 1975, Patricia Louise Williams, age 13, was admitted into the St. Frances Cabrini Hospital in Alexandria to undergo tests relative to symptoms of dizziness and fainting which she had recently experienced. Miss Williams' parents obtained cots and spent the night of January 31st in their daughter's hospital room. On the morning of February *1300 1, 1975, at approximately 7 o'clock A.M. a nurse's aid, Linda Mikel Straughter, entered Miss Williams' room to make a routine check of her vital signs. Apparently Mr. Williams had already departed the hospital at that time.
The testimony of Miss Williams and her mother vis a vis that of Miss Straughter is somewhat contradictory. Mrs. Williams and her daughter testified that the nurse's aid informed them that the patient was required to take a bath at that time. Mrs. Williams allegedly informed Miss Straughter that she felt her daughter should not be required to bathe, and the nurse's aid persisted. On the other hand, Miss Slaughter's testimony did not indicate that any dispute occurred over the necessity of the patient's bathing. Miss Straughter testified that she merely inquired as to whether any assistance was needed by Miss Williams in taking her bath. However, all the witnesses do agree that Mrs. Williams informed the nurse's aid that if any assistance was required by her daughter she (the mother) would administer same.
Mrs. Williams and her daughter then entered the bathroom which was contained within the particular hospital suite. The patient proceeded to shower while her mother stood by to assist. After showering Miss Williams dressed in the bathroom and walked back toward the hospital bed when she became weak and dizzy and fell, striking her mouth on the edge of a table and damaging several teeth. Mrs. Williams stated that she did not actually see her daughter's mishap but heard the impact of the fall. Although the record is unclear, it appears that Mrs. Williams remained in the bathroom for a few seconds after her daughter exited therefrom. Miss Straughter, the nurse's aid, was not present in the hospital room at the time of the incident, having left to continue her routine morning rounds.
The trial judge found that the hospital was not guilty of any negligence which caused the injury to plaintiff's daughter.
In the case of Hunt v. Bogalusa Community Medical Center, 303 So.2d 745 (La. 1974), our Supreme Court has stated the duty of a hospital toward its patients as follows:
"A hospital is bound to exercise the requisite amount of care toward a patient that the particular patient's condition may require. It is the hospital's duty to protect a patient from dangers that may result from the patient's physical and mental incapacities as well as from external circumstances peculiarly within the hospital's control. A determination of whether a hospital has breached the duty of care it owes to a particular patient depends upon the circumstances and the facts of that case."
However, the hospital's duty has been traditionally limited by the jurisprudence, and the oft-quoted limitation has been recently reiterated in Goodeaux v. Martin Hospital, Inc., 333 So.2d 717 (La.App.2d Cir. 1976):
"`... On the other hand, a private hospital is not an insurer of a patient's safety, and the rules as to the care required are limited by the rule that no one is required to guard against or take measures to avert that which a reasonable person under the circumstances would not anticipate as likely to happen.'" (Emphasis added).
See also Guidry v. State, Department of Hospitals, 317 So.2d 222 (La.App. 3rd Cir. 1975), writ refused, 320 So.2d 904 (La.1975); Leblanc v. Midland National Insurance Company, 219 So.2d 251 (La.App. 3rd Cir. 1969); Killgore v. ArgonautSouthwest Insurance Company, 216 So.2d 108 (La.App. 2nd Cir. 1968), and DeBlanc v. Southern Baptist Hospital, 207 So.2d 868 (La.App. 4th Cir. 1968).
In the instant case the nurse's aid, Miss Straughter, testified that she was aware that Miss Williams was "in for dizziness". She therefore inquired as to whether the patient required any assistance in taking her daily bath or shower. After being informed by the patient's mother that the latter would assist if necessary, the nurse reasonably assumed that the patient was in good hands. Under the factual context *1301 presented herein, we are of the opinion that neither Miss Straughter nor any other reasonable person would have anticipated that the patient might require further safeguarding in light of the fact that the patient's own mother had offered to watch over her.
In summary, the law requires that hospital personnel safeguard and tend to each patient in a manner commensurate with that individual's infirmity. The hospital properly discharged that duty when the nurse's aid offered to assist plaintiff's daughter in taking her bath. The nurse was relieved of performing that task by the patient's own mother who preferred to attend to the matter herself. We see very little more that the nurse's aid could have done except possibly assist the mother in her assistance of the child. Such action was obviously uncalled for and unnecessary.
For the above and foregoing reasons we concur with the trial judge's holding that the defendants-appellees were free from any negligence in causing the injury to plaintiff's daughter, and accordingly we affirm the judgment of the trial court. Costs of this appeal are assessed against plaintiffs-appellants.
AFFIRMED.