378 So.2d 451 (1979)
Fred DANIELS, Plaintiff-Appellee,
v.
Halcott L. CONN et al., Defendant-Appellee,
State of Louisiana, Defendant-Appellant.
No. 7153.
Court of Appeal of Louisiana, Third Circuit.
October 10, 1979.
Rehearing Denied November 21, 1979.
*452 Steven R. Giglio, Baton Rouge, for defendant-appellant.
James D. Davis, Kramer & Laird, James M. Buck, Alexandria, for plaintiff-appellee.
Gravel, Roy & Burnes, James J. Brady, Antoon, Dalrymple & Beck, Joseph T. Dalrymple, Alexandria, for defendant-appellee.
Before WATSON, CUTRER and DOUCET, JJ.
CUTRER, Judge.
This is a wrongful death action brought by Fred Daniels arising out of the accidental death of his son, Roy Gale Daniels, who was a patient at the Pinecrest State School near Pineville, Louisiana. The defendants in this suit are Halcott L. Conn, driver of the automobile which struck Roy Daniels, and the State of Louisiana, through the Department of Health and Human Resources, which operates the Pinecrest State School. The mother, who could not be located, intervened through an attorney appointed to represent her. The trial court rendered judgment in favor of the plaintiff, awarding the sum of $35,000 in damages. Conn and the State were held liable in solido for $6,000, and the State was held obligated alone for $29,000. The intervenor's claim was dismissed with prejudice and no appeal has been taken. The State appeals from the judgment.
The facts of the case, as set out by the trial court, are as follows:
"Roy Gale Daniels was a resident of Pinecrest State School at the time of his death. He was 28 years of age at this time. Pinecrest is a hospital as well as a school for the care of the mentally retarded. The evidence indicated the following circumstances surrounding the accident from which this suit arose. November 12, 1977, was a Saturday. As was normal on Saturday, a dance was being held for the residents at Pinecrest's recreation hall. Roy Daniels was given the duty of bringing the records to the dance from the building in which they were stored. Roy also played the records on the record player at the dance.
"On the night in question, the dance was over at approximately 8:00 PM. At this time, the residents with the exception of Roy Daniels returned to their cottages aboard a bus. Roy, as he did on other dance nights, was to return the records to their storage area by transporting them in his toy wagon. In order to return these records, Roy had to bring them down one street and then across another street to the storage area. While the evidence is not crystal clear as to exactly what point in the street Roy was hit, it appears that impact occurred while Roy was walking down the street and not while he was crossing it. In any event, at some time between 8:15 PM and 8:30 PM on November 12, 1977, Roy was struck by an automobile being driven by Halcott L. Conn who worked as an electrician at Pinecrest and was provided a residence on the grounds of Pinecrest.
"On the day of the accident, Conn had left his residence and had gone hunting. After that, Conn had gone into Alexandria to have a few beers. Upon finishing having his drinks, Conn began his drive back to Pinecrest. Conn reached the grounds of Pinecrest and was traveling approximately 20 to 25 miles per hour in a 15 mile per hour zone. The evidence indicated that Conn was somewhat intoxicated at this time. At between 8:15 PM and 8:30 PM, while still maintaining his 20 to 25 miles per hour speed, Conn struck Roy Daniels who was apparently in Conn's lane and walking from the other direction. An ambulance was called for Roy and he was brought by ambulance to Huey P. Long Charity Hospital in Pineville. Roy died approximately three hours later."
This appeal presents these issues: (1) Did the trial court err in finding the State of Louisiana negligent; (2) did the trial court erred in finding Roy Daniels free of contributory negligence; (3) did the trial court err in its method of awarding damages; and (4) did the trial court err in awarding excessive damages? *453 I. Negligence of the State, and alleged contributory negligence of Roy Daniels.
The trial court found that Conn, the driver of the car that struck Daniels, was negligent because he failed to see Daniels in the street until impact and that his failure to see Daniels and to avoid hitting him was due in part to Conn's state of intoxication. The negligence of Conn is not an issue on appeal.
The trial court found that the State of Louisiana was negligent in that Pinecrest failed to provide adequate supervision for Roy Daniels and this failure to adequately supervise was a legal cause of the accident. The rules applicable to the liability of hospitals are as follows:
"A hospital is bound to exercise the requisite amount of care toward a patient that the particular patient's condition may require. It is the hospital's duty to protect a patient from dangers that may result from the patient's physical and mental incapacities as well as from external circumstances peculiarly within the hospital's control. A determination of whether a hospital has breached the duty of care it owes to a particular patient depends upon the circumstances and facts of that case." Hunt v. Bogalusa Community Medical Center, 303 So.2d 745 (La. 1974).
"... A private hospital is not an insurer of a patient's safety, and the rules as to the care required are limited by the rule that no one is required to guard against or take measures to avert that which a reasonable person under the circumstances would not anticipate as likely to happen." Moreaux v. Argonaut Insurance Company, 350 So.2d 240 (La.App. 3rd Cir. 1977), writs ref'd, 351 So.2d 776 (La.1977); Goodeaux v. Martin Hospital, Inc., 333 So.2d 717 (La.App. 3rd Cir. 1976); and also, Guidry v. State, Department of Hospitals, 317 So.2d 222 (La.App. 3rd Cir. 1975), writs ref'd, 320 So.2d 904 (La.1975).
The trial court correctly applied these principles as follows:
"... In order to make a determination as to the negligence of the state in this case, two questions must be answered. First of all, what were the peculiar facts or circumstances relative to Roy Gale Daniels which were known by the State. Secondly, with the knowledge of these peculiar facts and circumstances, would a reasonable man have anticipated the incident in this case as likely to happen and have taken measures to avert its occurrence?
"The facts and circumstances which need to be considered in a determination of the negligence of the State in this case are: Roy Gale Daniels was admitted to Pinecrest in 1965 at the age of 16 due to his mentally retarded condition. The evidence established that Roy was `mildly' mentally retarded. It was shown that his I.Q. ranged somewhere between 49-60. The court believes that it was closer to 60. Roy's mental capacities were shown to be that of a 6 to 9 year old child, notwithstanding his physical age of 27. It is the court's conclusion that Roy had a mental age of 7½ years.
"The fact that Roy was one of the more mentally capable residents at Pinecrest was proven by the State at trial. This fact was manifested by his ability to leave the grounds of Pinecrest unescorted and to perform certain chores which the majority of the other residents could not undertake. It was also shown at trial that Roy had been performing for many years the function of returning the records from the dance to the storage area, which is the very chore he was performing at the time he incurred his fatal injuries.
"However, notwithstanding this evidence indicating that Roy was one of the more competent residents at Pinecrest, the fact remains that he was mentally retarded and could not completely take care of himself. As the above citations indicate, it is the particular capacity of the patient which determines the requisite amount of care and supervision owed to that patient. The evidence of most significance in this regard is the testimony *454 of Eddie J. Gaspard, the security officer on duty at Pinecrest on the night of the accident. Gaspard had observed Roy walking down the middle of the street on many occasions. On some of these occasions Roy was pulling his wagon behind him. On other occasions he was walking without the wagon. On approximately three of the occasions that Gaspard observed Roy walking in the middle of the street, he cautioned him not to do this. Gaspard testified that when Roy was walking in the street without his wagon, he would admonish him to walk on the sidewalk. On those occasions when Roy was pulling his wagon, Gaspard would only advise Roy to move to the side of the street. Other facts and circumstances important to a consideration of any possible negligence on the part of the State include the fact that it was dark at the time the dance ended. It is patent that a person with a 7½ year old mentality would require more supervision when it was dark than when it was still daylight. Additionally, the testimony of Royce Ezernack, the recreational director at Pinecrest and supervisor of the dance that night, was to the effect that a few minutes before Roy began his ill fated trek, a supervisor from the dance had returned some equipment to the storage area. Ezernack's testimony indicates that it would have been very easy to have had this supervisor accompany Roy to the storage area.
"The next question the Court must address is: Considering all of the facts and circumstances of this case recited above, would a reasonable man have anticipated such an occurrence as the fatal injury to Roy Daniels and taken measures to avert such an occurrence. The State is charged with the knowledge of its agent, Eddie J. Gaspard. Clark v. I. H. Rubinstein, Inc., 326 So.2d 497 (La.1976); Culver v. Culver, 188 La. 716, 178 So. 252 (La.1938). Therefore, the State is charged with the knowledge that Roy Daniels had a `habit' of walking down the middle of the street. Considering this along with the previously mentioned facts, the court concludes that the State should have anticipated an occurrence such as the one which took place on the night of November 12, 1977. Having been able to anticipate such an occurrence, the State through its employees should have acted as a reasonable man and should have taken preventative measures to avoid the accident which claimed Roy Daniels' life. The failure of the State to institute such preventative measures constitutes a negligent omission of supervision over Roy Daniels and subjects them to liability for his wrongful death.
"The Assistant Superintendent in charge of evaluation at Pinecrest, Dr. Peter Chandler, admitted that had he known of Roy Gale Daniel's `habit' of walking in the middle of the street, he would have recommended that some action be taken to stop Roy from doing this. As stated above, the State, however, is charged with such knowledge since its agent did know of Roy's `habit'. Knowing this, the only prophylactic measure taken by the State was Eddie Gaspard's admonishment to Roy that he walk on the side of the street when pulling his wagon and that he walk on the sidewalk when walking without it. Taking into account Roy's mental age, it is easy to imagine that he would take this to mean that it was all right for him to walk in the street, if he was pulling his wagon. It was probably very difficult for Roy to distinguish between walking on the side of the street as opposed to the middle of the street. The facts that this accident occurred at night and supervision for Roy was readily available only adds to the neglect of the State in failing to accompany Roy back to the storage area. For these reasons, the court finds the State and Halcott L. Conn to be joint tort-feasors."
Our review of the record reveals that the trial judge correctly evaluated the standard of care (duty) owed by Pinecrest to Roy Daniels and that this duty was breached. The risk of injury to Roy Daniels was within the scope of the duty owed to Daniels by *455 Pinecrest. We thus hold that the trial court committed no error in finding that the State was negligent in failing to properly supervise Roy Daniels.
The court further found that under the circumstances, Roy Daniels was free of contributory negligence. The State contends the trial court erred in so finding.
In determining that Roy Daniels was free of contributory negligence, the court relied heavily on the testimony of Eddie J. Gaspard, a security officer at Pinecrest. Gaspard testified that he had seen Roy Daniels walking in the street on numerous occasions. He stated that when he saw Roy walking in the street, he cautioned him to walk on the sidewalk. On other occasions he had seen Roy pulling his wagon down the street. On these occasions, he simply warned Roy to move to the side of the street, but did not instruct him to leave the street. The trial judge, relying on this testimony, found that since Roy was childlike in mentality, he would look to one in Gaspard's position for guidance and follow such instructions. The trial court reasoned that since Roy had been allowed by Gaspard to remain in the street when pulling the wagon, it would be natural for Roy to believe that it was proper for him to pull the wagon in the street. Thus, the trial court concluded that Roy, under these particular facts, was not contributorily negligent.
The State argues that the Pinecrest staff evaluated Roy and allowed him certain privileges such as the privilege to leave the grounds unescorted. The State argues that Roy was able to properly care for his own safety and that his failure to do so was contributory negligence.
We do not agree with the State's argument. While Roy may have been accorded various privileges and may have been more capable than most of the other residents of Pinecrest, under the particular facts as found by the trial judge, we find no error. The record amply supports the trial court's finding.
II. The trial court's method of awarding damages.
The trial court, having found Conn and the State guilty of concurring negligence, awarded a total of $35,000 damages as follows:
Plaintiff, Fred Daniels, was awarded $6,000 in general damages against the State of Louisiana and Halcott L. Conn, in solido, for the wrongful death of Roy Gale Daniels. Plaintiff was further awarded $29,000 in general damages solely against the State of Louisiana.
The trial court arrived at this award by considering the lack of ability of Conn to respond in judgment. Conn was unemployed, had no income, and had a ruptured disc that was not work related. Conn owned two acres of land with a small house which was in bad repair and estimated to be worth $5,000. Conn's wife occasionally substituted as a teacher and was attending college. The Conns had three teenage children. The family was subsisting on their savings and loans from Conn's brother-in-law. These funds were nearly exhausted at the time of trial.
The trial court, in limiting the award against Conn, cited a line of jurisprudence requiring the court to consider the inability of a defendant to respond in damages in determining the size of an award. The trial court cited Raggio v. Volkswagen Insurance Company, 327 So.2d 505 (La.App. 3rd Cir. 1976). The court then awarded $6,000 against Conn and the State, in solido. The remaining $29,000 was awarded plaintiff against the State alone.
The State contends that the trial court erred in its conclusion that joint tort-feasors, bound in solido, can be held for less than the whole of the damages awarded.
We agree that the trial court erred in its allocation of damages. While a court may consider the inability of defendant or defendants to respond in judgment, such a rule does not apply in cases in which there is an impecunious defendant liable in solido with a solvent defendant.
Louisiana Civil Code Art. 2324 provides:

*456 "He who causes another person to do an unlawful act, or assists or encourages in the commission of it, is answerable, in solido, with that person, for the damages caused by such act."
In solido liability, imposed by Art. 2324, includes situations in which wrongful acts of two or more persons contribute to the incident causing injuries to another. Dixie Drive It Yourself System New Orleans Co., Inc. v. American Beverages Company, 242 La. 471, 137 So.2d 298 (1962); Dixon v. Gutnecht, 339 So.2d 1285 (La.App. 1st Cir. 1976), writs ref'd, 342 So.2d 673 (La.1977); Abrego v. Tri-State Transit Co., 22 So.2d 681 (La.App. 1st Cir. 1945).
The articles of the Civil Code, pertaining to obligations in solido, are applicable to obligations in solido arising out of delictual conduct of joint tort-feasors. LSA-C.C. Art. 2103; Harvey v. Travelers Insurance Company, 163 So.2d 915 (La.App. 3rd Cir. 1964).
LSA-C.C. Art. 2091 provides:
"There is an obligation in solido on the part of the debtors, when they are all obliged to the same thing, so that each may be compelled for the whole, and when the payment which is made by one of them, exonerates the others toward the creditor."
One joint tort-feasor, therefore, may be compelled by the injured party to pay the whole amount of the damages. As between the joint tort-feasors, however, each is liable only for his virile share. If one has paid the full amount of damages to the injured party (creditor), he may claim contribution from the other joint tort-feasor for the virile share of the other under LSA-C.C. Art. 2103.
LSA-C.C. Art. 2103 provides:
"When two or more debtors are liable in solido, whether the obligation arises from a contract, a quasi contract, an offense, or a quasi offense, it should be divided between them. As between the solidary debtors, each is liable only for his virile portion of the obligation.
"A defendant who is sued on an obligation which, if it exists, is solidary may seek to enforce contribution, if he is cast, against his solidary codebtor by making him a third party defendant in the suit, as provided in Article 1111 through 1116 of the Code of Civil Procedure, whether or not the third party defendant was sued by the plaintiff initially, and whether the defendant seeking to enforce contribution if he is cast admits or denies liability on the obligation sued on by the plaintiff."
In situations in which a co-debtor is insolvent, LSA-C.C. Art. 2104 provides as follows:
"If one of the codebtors in solido pays the whole debt, he can claim from the others no more than the part and portion of each.

"If one of them be insolvent, the loss occasioned by his insolvency must be equally shared amongst all the other solvent codebtors and him who has made the payment." (Emphasis added)
Under this provision of the Code, the insolvency or poor financial standing of a joint tort-feasor will not limit the right of the injured party (creditor) to recover the full amount of damages from the solvent tort-feasor. Under Art. 2104, it is improper to consider, in making an award for damages, the impecunious state of one defendant is such defendant is liable in solido with a co-defendant or co-defendants who are solvent.
We therefore hold that the rule requiring the court to consider the inability of a defendant to pay is inapplicable when a joint tort-feasor, liable in solido, is solvent.
III. The amount of the award.
The State contends that the award of $35,000 to Fred Daniels for the wrongful death of Roy Daniels is excessive.
We disagree. The trial court found that Fred Daniels visited his son frequently at Pinecrest and often took Roy to his home for visits. The trial court also concluded that the relationship with Roy was one of the few meaningful things possessed by Fred Daniels, a man of limited education, who was 56 years of age and unemployed.
*457 The record supports this conclusion. We find that the trial court did not abuse its broad discretion in fixing the award at $35,000. Anding v. Southwestern Insurance Company, 358 So.2d 690 (La.App. 3rd Cir. 1978), writs ref'd, 360 So.2d 1179 (La.1978).
For the above and foregoing reasons, we amend that portion of the trial court's judgment decreeing the liability of the State of Louisiana and Conn, and it is therefore ordered, adjudged and decreed that plaintiff, Fred Daniels, be awarded the sum of $35,000 in general damages against the State of Louisiana and Halcott P. Conn, in solido, for the wrongful death of Roy Gale Daniels.
The decision of the trial court is therefore affirmed as amended by this court. Costs are assessed to the defendants, Halcott L. Conn and the State of Louisiana.
AMENDED AND AFFIRMED.