PONDER, Judge.
Plaintiff appealed from a judgment denying recovery for injuries sustained at defendant’s place of business. The sole issue is that of liability.
We affirm.
Plaintiff, a trucking company employee, was delivering lumber to defendant. Two forklift trucks were used to remove it from the truck. Plaintiff stood in the back of his truck during the removal process. The load of lumber shifted and fell against plaintiff, causing his injuries.
Plaintiff argues the sole cause of the accident was the negligence of defendant’s employees. He also argues that the doctrine of res ipsa loquitur should apply.
Defendant contends that its employees were not negligent. Alternatively, it argues that plaintiff was contributorily negligent, or that he assumed the risk, or that the accident was caused by the negligence of plaintiff’s employer in the banding of the lumber.
The trial court found no negligence on the part of defendant, and further held that res ipsa loquitur did not apply because the accident could have been caused in several different ways and not necessarily by defendant.
There is conflicting testimony in the record as to the condition of the banding around the lumber and of the pallet on which the lumber rested. The trial court chose to believe defendant’s witnesses. This is within its discretion and we cannot say it erred.
The doctrine of res ipsa loquitur does not dispense with the need for plaintiff to prove negligence on the part of defendant. Walker v. Union Oil Mill, Inc., 360 So.2d 894 (La.App. 3rd Cir. 1978), writ denied, La., 363 So.2d 534, writ granted, La., 363 So.2d 909, case affirmed 369 So.2d 1043 (La.1979). The plaintiff did not meet this burden of proof.
For the above reasons the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.