402 So.2d 170 (1981)
Cecil J. MULLINS and Delcia v. Mullins
v.
OUR LADY OF THE LAKE HOSPITAL, INC.
No. 14234.
Court of Appeal of Louisiana, First Circuit.
June 29, 1981.
*171 Gary L. Keyser, Baton Rouge, for plaintiffs-appellants, Cecil J. Mullins and Delcia V. Mullins.
Roger M. Fritchie, Baton Rouge, for defendant-appellee, Our Lady of the Lake Hospital, Inc.
Before COVINGTON, CHIASSON and LEAR, JJ.
CHIASSON, Judge.
Plaintiffs, Cecil J. Mullins and Delcia V. Mullins, filed this action against defendant, Our Lady of the Lake Hospital, Inc., seeking damages allegedly sustained as a result of a fall suffered by Mrs. Mullins while a patient in the hospital. After trial on the merits, the district court rendered judgment in favor of defendant and dismissed plaintiffs' action. From this judgment, plaintiffs perfected the present appeal.
The facts which gave rise to this suit are briefly as follows: On February 27, 1978, Mrs. Mullins was admitted to Our Lady of the Lake Hospital for treatment of chronic pancreatitis. She was confined to a hospital bed which had side rails that could be raised or lowered.
On March 2, 1978, while still a patient at the hospital, Mrs. Mullins needed to use the bathroom. According to her testimony, she then used the call bell adjacent to her bed to ring for a nurse's assistance. When the nurse failed to arrive, Mrs. Mullins attempted to get out of bed by herself. However, in so attempting, she fell on the floor and allegedly injured her back.
Mrs. Mullins remained in the hospital for treatment of pancreatitis until her release on March 9, 1980, and she did not complain of back injury during this time period. She was readmitted to the same hospital on March 14, 1980, complaining of pain in her lower back. Mrs. Mullins was diagnosed as having a herniated disc at the L-4 level of her back. She underwent surgery for a fusion of the herniated disc.
The district court rejected plaintiffs' claim, finding that the back injury was not caused by her fall in the hospital. The district court also concluded that the hospital had not been negligent in its supervision of Mrs. Mullins.
Plaintiffs contend that the district court erred in its finding that the hospital did not breach its duty owed to Mrs. Mullins. In Ray v. Ameri-Care Hospital, 400 So.2d 1127, (La.App. 1st Cir., 1981), we summarized the duty of a hospital to its patients as follows:
"The rules regarding the duty of a hospital toward its patients are that a hospital is bound to exercise the necessary care toward a patient that his condition requires; the hospital's duty extends to protecting a patient from dangers which may result from the patient's physical and mental incapacities and from external circumstances peculiarly within the hospital's control. Whether a hospital has breached its duty of care owed to a particular patient depends upon the facts and circumstances of the particular case. Richard v. Southwest Louisiana Hospital Association, 383 So.2d 83 (La.App. 3 Cir. 1980), writ denied, 385 So.2d 274 (La. 1980); Williams v. Sisters of the Incarnate Word of Galveston, Texas, 341 So.2d 1299 (La.App. 3 Cir. 1977). The standard of care required of a hospital does not require a `community standard' in order to determine if a hospital is negligent under a particular set of circumstances. Richard v. Southwest Louisiana Hospital Association, supra; Bryant v. St. Paul Fire & Marine Insurance Co., [365 So.2d 537 (La.App. 3rd Cir. 1978)] supra.

*172 "However, the hospital's duty has been traditionally limited: a hospital is not an insurer of a patient's safety, and the rules of care are limited by the rule that no one is required to guard against or take measures to avert that which a reasonable person under the circumstances would not anticipate as likely to happen. Goodeaux v. Martin Hospital, Inc., 333 So.2d 717 (La.App. 2 Cir. 1976), writ denied, 338 So.2d 295 (La. 1976); Guidry v. State, Department of Hospitals, 317 So.2d 222 (La.App. 3 Cir. 1975), writ denied, 320 So.2d 904 (La. 1975)."
As was pointed out by the district court in its written reasons, plaintiffs maintain that the hospital breached its duty in three respects: (1) in its failure to raise the side rails on the bed, (2) in its failure to promptly respond to Mrs. Mullins' summons for assistance, and (3) in its failure to properly protect Mrs. Mullins while she was taking certain drugs. The district court concluded that plaintiffs failed to prove each of these assertions of the hospital's negligence.
Nurse Heil was the first nurse to arrive at the scene of the accident. She testified specifically that the bed rails were in the up position at that time. She further testified that no call was received at the nurse's station from Mrs. Mullins' room.
Dr. Barry Scott, Mrs. Mullins' treating physician, testified that the type and dosage of medicine which Mrs. Mullins was taking would not significantly impair her senses. The district court, in written reasons for judgment, stated that Dr. Scott apparently felt it unnecessary to take any special precaution as a result of the prescribed medication.
Mrs. Mullins was admitted to the hospital on at least five (5) occasions: November 10, 1977; December 8, 1977; February 27, 1978; March 14, 1978; and May 13, 1978. The conflicting and confusing testimony can be attributable to these many admissions to the hospital.
Our review of the entire record convinces us that the trial judge made a reasonable evaluation of credibility and that there is sufficient evidence to support the factual findings of the district court in the above respects. Those findings are not clearly wrong, and we find no manifest error therein. Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978). Moreover, we conclude that, under the facts and circumstances of the instant case, the hospital did not breach its duty of providing reasonable care to Mrs. Mullins in light of her particular condition. See Ray v. Ameri-Care Hospital, supra.
On appeal, plaintiffs contend that, even if the hospital is not found to be negligent, it should still be held liable under the doctrine of strict liability first espoused in Loescher v. Parr, 324 So.2d 441 (La. 1975). We find there is no merit to plaintiffs' assertion. The basis of plaintiffs' contention is that, if the bed rails were up, ipso facto, they had to be defective since Mrs. Mullins was able to get out of bed and injure herself. In making this assertion, plaintiffs rely heavily on Marquez v. City Stores Co., 371 So.2d 810 (La. 1979). We find that Marquez, supra, is easily distinguishable in that the injury in that case could not have occurred in the absence of the defective thing, while, in the instant case, Mrs. Mullins' injury could have easily occurred without the bed rails being defective. Moreover, the record in this case is completely devoid of any evidence to suggest that the bed rails were defective. Hence, plaintiffs' contention that the hospital is strictly liable in the instant case is untenable.
Having found that the hospital was neither negligent nor strictly liable for Mrs. Mullins' injuries, a discussion of the issue of whether or not plaintiffs proved a causal relationship between Mrs. Mullins' fall and her back injury is unnecessary.
For the foregoing reasons, the judgment of the district court is affirmed at plaintiffs' costs.
AFFIRMED.