408 So.2d 382 (1981)
Tina M. SABELLA
v.
BATON ROUGE GENERAL HOSPITAL.
No. 14441.
Court of Appeal of Louisiana, First Circuit.
December 22, 1981.
*383 William H. Cooper, Jr., Baton Rouge, for plaintiff-appellant, Tina M. Sabella.
George K. Anding, Jr., Baton Rouge, for defendant-appellee, Baton Rouge General Hospital.
Before ELLIS, LOTTINGER and PONDER, JJ.
PONDER, Judge.
Plaintiff appealed from an adverse jury verdict in a tort suit for injuries sustained in a fall at a hospital.
The issue is the correctness of the trial judge's refusal to submit a jury instruction concerning res ipsa loquitur.
We reverse and render.
Due to plaintiff's physical incapacities, overweight and bilateral amputation above the knees, she was to receive abdominal x-rays while lying on her side on a stretcher. The x-ray table was raised to a vertical position to form the background. After the stretcher was pushed against the x-ray table, its wheels were allegedly locked in place to prevent rolling. Plaintiff was placed on the stretcher with her abdomen touching the x-ray table, one arm folded under her head and the other arm in the air.
After two x-ray technicians moved behind the protective screen, one of the technicians observed plaintiff's arm shift toward the x-ray table. The opposite side of the stretcher "flipped up" and plaintiff fell to the floor.
Employees of the defendant who examined and tested the stretcher after the fall found that the wheels were still locked and that when locked, the stretcher would move up to approximately six inches. Testing of the stretcher also showed that a grown man in the same position as plaintiff could not get the stretcher to flip by pushing against the x-ray table.
The doctrine of res ipsa applies when: the accident would not normally occur in the absence of negligence, there exists an absence of direct evidence to explain the activities leading to the injury, and the accident or injury was caused by an agency or instrumentality within the actual or constructive control of the defendant. Ewen v. Baton Rouge General Hospital, 378 So.2d 172 (La.App. 1st Cir. 1979), writ denied 385 So.2d 268. The determination of whether res ipsa applies to a case is made at the end of a trial. Alexander v. St. Paul Fire & Marine Insurance Co., 312 So.2d 139 (La. App. 1st Cir. 1975), writ denied 313 So.2d 846.
Although defendant contends that the accident could have been caused by plaintiff's movement, the tests by defendant's employees make this result highly unlikely.
The technicians present had never seen such an accident occur. The one who saw this accident testified that he could not explain how the accident occurred. We find that there was no direct evidence indicating how the stretcher flipped under the plaintiff's weight.
*384 The plaintiff was on the stretcher at the time of the accident; we find that it was an instrumentality within the defendant's control. The defendant's employees were the only parties who had access to the locking of the stretcher wheels. Plaintiff merely lay on the stretcher and acted as instructed by the technicians.
Since the conditions above were met, the trial judge erred in not instructing the jury on res ipsa. When a trial court fails to give special jury instructions which are warranted and when a first hand view of witnesses is not essential to a fair result, the appellate court will decide the case on the record. Hebert v. Gulf States Utilities, 395 So.2d 832 (La.App. 1st Cir. 1981).
The application of res ipsa does not dispense with the necessity that plaintiff prove negligence, but is simply a step in the process of such proof. Frantz v. Morrison Home Center, Inc., 388 So.2d 106 (La.App. 1st Cir. 1980).
A hospital must exercise the care of a patient that his condition requires. This duty extends to protecting a patient from dangers which may result from plaintiff's mental and physical incapacities and from external circumstances peculiarly within the hospital's control. Ray v. Ameri-Care Hospital, 400 So.2d 1127 (La.App. 1st Cir. 1981). However, no one is required to guard against or take measures to avert that which a reasonable person, under the circumstances would not anticipate as likely to happen. Goodeaux v. Martin Hospital, Inc., 333 So.2d 717 (La.App. 2nd Cir. 1976), writ denied 338 So.2d 295 (La.1976).
Defendant offered proof that the technicians had complied with the normal hospital policy while x-raying the plaintiff. One of the technicians who had worked in hospitals across the country testified that the method would not have been different in those hospitals. He also stated that the method used offered more support for the plaintiff than other available methods.
The evidence as a whole shows that the defendant's negligence was the most likely cause of plaintiff's accident. The plaintiff was on the stretcher under the technicians' direction in a position directed by them. The flipping over simply does not occur when proper care is taken. We therefore reverse.
Plaintiff, who is approximately 70 years of age, sustained a fracture of the pelvis and of the femur. Due to a liver condition, the quantity and kinds of pain medicine that could be given were somewhat limited. Plaintiff suffered a lot of pain as a result. She is no longer so active as she once was and can sit up for only short periods of time. We feel that $20,000.00 is an adequate sum for her injuries.
There was no proof of any special damages.
For these reasons, the judgment of the trial court is reversed. It is now ordered, adjudged and decreed that there be judgment in favor of plaintiff, Tina M. Sabella, and against defendant, Baton Rouge General Hospital, in the amount of $20,000.00 with interest at the legal rate from the date of demand until paid.
Costs of this appeal are to be borne by defendant.
REVERSED AND RENDERED.