421 So.2d 309 (1982)
Julia KIMBALL
v.
ST. PAUL INSURANCE COMPANY.
No. 15040.
Court of Appeal of Louisiana, First Circuit.
October 12, 1982.
George R. Covert, Baton Rouge, for plaintiff-appellant Julia Kimball.
Donald S. Zuber, Baton Rouge, for defendant-appellee St. Paul Ins. Co.
Before ELLIS, PONDER and SAVOIE, JJ.
SAVOIE, Judge.
Plaintiff appeals the dismissal of her tort claim against defendant's insured. She contends the trial court erred in two respects: (1) In finding the insured and his nurse used the requisite amount of care required by plaintiff's condition and that no unreasonable risk of injury was created when the nurse failed to assist plaintiff in sitting; and (2) In finding the chair did not create an unreasonable risk of harm. Plaintiff has failed to establish any manifest error on the part of the trial court. Therefore, we affirm.
Plaintiff was attempting to sit in a secretarial-type chair in the medical office of the defendant's insured when she fell to the floor. Her injuries are a consequence of this mishap.
However, to recover damages for a defendant's negligence, the plaintiff must prove that: (1) the act complained of was a cause-in-fact of the accident; (2) the defendant had a duty, either statutory or non-statutory, *310 to protect plaintiff against the cause of harm complained of; (3) the defendant breached this duty; and (4) plaintiff was harmed by the breach. Mathews v. Elder International, 400 So.2d 251 (La.App. 4th Cir.1981), writ denied, 406 So.2d 609 (La.1981); Kane v. Braquet, 368 So.2d 1176 (La.App. 3rd Cir.1979), writ denied, 369 So.2d 1366 (La.1979).
Plaintiff does not assert she required or requested assistance in walking to the vision field testing room. The record reflects plaintiff was in good health with a normal field of vision. Considering the record, plaintiff has failed to establish the nurse's failure to assist her as the cause-in-fact of the accident. Conceding arguendo that "but for" the nurse's failure to assist plaintiff, she would not have fallen, we now consider whether defendant's insured owed a duty to assist plaintiff.
Plaintiff argues that the trial court erred in finding the conduct of defendant's insured and his nurse constituted the requisite amount of care and created no reasonable risk of injury. The duty of care owed here is analogous to that owed by hospitals to their patients.
"A hospital must exercise the care of a patient that his condition requires. This duty extends to protecting a patient from dangers which may result from plaintiff's mental and physical incapacities and from external circumstances peculiarly within the hospital's control." Sabella v. Baton Rouge General Hospital, 408 So.2d 382, 384 (La.App. 1st Cir.1981); Mullins v. Our Lady of the Lake Hospital, Inc., 402 So.2d 170 (La.App. 1st Cir.1981); Ray v. Ameri-Care Hospital, 400 So.2d 1127 (La.App. 1st Cir.1981), writ denied, 404 So.2d 277 (La.1981).
"... a hospital is not an insurer of a patient's safety, ..." Ray, supra, p. 1138.
Applying this standard to the present facts, we find no error in the trial court's conclusions.
The record establishes that plaintiff's physical condition did not appear to necessitate assistance in walking or sitting. This was so despite plaintiff being 79 years of age at the time of the accident. Further, plaintiff had no prior history of health problems. She did not ask for assistance nor did she appear visually incapacited.
Secondly, plaintiff contends the trial court erred in not concluding the chair created an unreasonable risk of harm. The dangerousness of the thing causing the injury must be proved for liability to attach under L.S.A.-C.C. 2317. Shipp v. City of Alexandria, 395 So.2d 727 (La.1981); Jones v. City of Baton Rouge-Parish of East Baton Rouge, 388 So.2d 737 (La.1980); Loescher v. Parr, 324 So.2d 441 (La.1975).
Relying on Marquez v. City Stores Company, 371 So.2d 810 (La.1979), plaintiff argues the chair's defectiveness is evidenced by the unusual nature of the occurrence. However, in contrast to Marquez, supra, plaintiff has not shown the use or design of this type of chair to be unreasonably dangerous. Further, there is no testimony that this type of accident was more than a one-time occurrence. The chair was used before and has been used continuously since plaintiff's accident without repair or further mishap. Therefore, we cannot say the trial court was clearly wrong in concluding the chair was not defective.
Accordingly, we affirm the trial court's judgment in all respects. Plaintiff is to pay all costs.
AFFIRMED.