444 So.2d 175 (1983)
Mrs. Elizabeth CONGELTON
v.
BATON ROUGE GENERAL HOSPITAL.
No. 83 CA 0241.
Court of Appeal of Louisiana, First Circuit.
December 22, 1983.
Rehearing Denied January 19, 1984.
Walker P. Macmurdo, Baton Rouge, for plaintiff-appellee Mrs. Elizabeth Congelton.
Felix Weill, Baton Rouge, for defendant-appellant Baton Rouge General Hosp.
*176 Before PONDER, WATKINS and CARTER, JJ.
WATKINS, Judge.
Elizabeth Congelton filed suit against Baton Rouge General Hospital for an injury sustained during a phlebotomy performed in the hospital's blood bank. The trial court found the hospital liable and it appeals. Plaintiff answered the appeal seeking an increase in damages.
The primary issue for our determination is whether the trial court erred in applying the doctrine of res ipsa loquitur.
On June 12, 1980, plaintiff went to the blood bank of Baton Rouge General Hospital to donate blood for a fellow employee at Ethyl Corporation. She was interviewed by Georgia Hardesty, the technician who performed the phlebotomy, and placed in a donor chair. She informed Hardesty that she had given blood previously and that the left arm had worked best. Hardesty then placed a tourniquet on the arm, inserted the needle, and began drawing blood.
There is some disagreement about when plaintiff began to complain of pain. Plaintiff testified that she immediately told Hardesty that she was experiencing pain. Hardesty testified that plaintiff did not complain until the phlebotomy was almost completed. However, the testimony is in agreement that when plaintiff complained of pain Hardesty repositioned the needle and adjusted the tourniquet. Hardesty repositioned the needle a second time when plaintiff complained of tingling and numbness in her arm. The testimony is also in agreement that when plaintiff informed Hardesty of the pain, Hardesty offered to remove the needle. However, plaintiff decided to complete the phlebotomy.
When the phlebotomy was completed plaintiff complained that her arm was still numb. Hardesty told her to call back the next day if the condition persisted. The next day plaintiff called the hospital and spoke to Norma Bender, the supervisor of the blood bank. Bender told plaintiff to return to the hospital to permit Dr. Robert Ward of the hospital's pathology department to examine her. Subsequently she was advised to see Dr. John Hopper, a neurologist.
Dr. Hopper concluded that plaintiff sustained an injury to the left antebrachial cutaneous nerve. His diagnosis was confirmed by Dr. Richard Gold, a neurologist who performed an electromyogram on the nerve.
The trial court concluded that the doctrine of res ipsa loquitur was applicable and that the hospital failed to rebut the inference of negligence thus imposed, and awarded plaintiff $5,466.24 for her injury.
The doctrine of res ipsa loquitur is a rule of circumstantial evidence whereby a defendant's negligence is inferred when the facts indicate that such negligence is the most probable cause of the injury. Walker v. Union Oil Mill, Inc., 369 So.2d 1043 (La.1979). The doctrine of res ipsa loquitur applies when: the accident would not normally occur in the absence of negligence, there exists an absence of direct evidence to explain the activities leading to the injury, and the accident or injury was caused by an agency or instrumentality within the actual or constructive control of the defendant. Sabella v. Baton Rouge General Hospital, 408 So.2d 382 (La.App. 1st Cir.1981).
We find that the trial court erred in applying res ipsa loquitur to the facts of this case. It was undisputed that plaintiff's injury was caused when the needle struck the nerve in her arm. Therefore, there was direct evidence to explain the activities leading to the injury, rendering the doctrine of res ipsa loquitur inapplicable.
Additionally, all of the medical testimony adduced at trial indicated that plaintiff's injury could have occurred in the absence of negligence. The medical testimony is best reflected by that of Dr. Vance Byars, who served on the medical review panel in this case. He testified that it was standard medical procedure to reposition the needle as Hardesty did when a patient complains of pain and that an injury of this type could *177 happen even with the best medical technique.
We note that the injury suffered by plaintiff was highly unusual and extremely rare. Dr. Byars testified that he has performed over 30,000 venipunctures in his lifetime and has never heard of an injury of this type. Mrs. Bender, who has worked in blood banks for approximately thirty-six years, testified that she has never heard of a nerve being damaged during a phlebotomy. However, the unusual nature of plaintiff's injury does not alone justify the application of res ipsa loquitur, because the great weight of the testimony shows clearly that the negligence of the hospital was not the most plausible explanation of the injury to plaintiff. Brocato v. Leggio, 393 So.2d 183 (La.App. 1st Cir.1980), writ denied, 398 So.2d 530 (La.1981).
Since plaintiff is not entitled to the benefit of the application of the doctrine of res ipsa loquitur, the negligence on the part of the hospital must have been proven by a preponderance of the evidence. This she has failed to do. The evidence clearly establishes that there was no substandard conduct or negligence on the part of the personnel of the hospital in the performance of the phlebotomy. It was very unfortunate that Mrs. Congelton suffered an injury which very rarely occurs to blood donors. But the evidence shows that the hospital discharged its obligation to exercise due care in accordance with recognized standards for this procedure. The hospital, therefore, is not liable to plaintiff under the law.
For the foregoing reasons, the judgment of the trial court is reversed. All costs of this appeal are assessed against plaintiff-appellee.
REVERSED.