Mary S. RICE

v.

**SEBASTICOOK VALLEY HOSPITAL.**

Supreme Judicial Court of Maine.

Argued Jan. 7, 1985.

Decided Feb. 8, 1985.

Daviau, Jabar & Batten, Joseph M. Jabar (orally), Pittsfield, for plaintiff.

Gross, Minsky, Mogul & Singal, P.A., George Z. Singal (orally), Edward W. Gould, Carl F. Rella, Bangor, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

WATHEN, Justice.

Mary S. Rice, the plaintiff, appeals from a judgment of the Superior Court (Somerset County) entered in favor of the defendant, Sebasticook Valley Hospital. After a jury-waived trial, the presiding Justice found the evidence to be insufficient to support the claim that plaintiff was negligently injured by defendant while a patient in defendant's care. We find no error and deny the appeal.

## I.

On April 6, 1980, plaintiff was admitted to the defendant hospital. She complained of chest pain and was treated in the special care unit for two days. On April 8, she was transferred to a double room in the regular medical-surgical care unit. Among other things, the room contained two, armless, straight back chairs and a low easy chair with arms.

On April 9, plaintiff's doctor placed her on Phase II of a four phase treatment program. The goal of Phase II is to restore the patient "to his ultimate activity in daily living." Once a doctor places a patient on Phase II, nurses supervise the patient's activities within the limits prescribed for that treatment phase. By the third day on Phase II, a patient normally would be permitted to sit in a bedside chair three times a day—for up to 45 minutes. The instructions for treatment require nurses to help patients in sitting up.

On the morning of plaintiff's third day on Phase II, April 11, Ethel Neal, L.P.N., assisted plaintiff from bed to a straight back chair where plaintiff was to eat breakfast. Plaintiff asserts that this was her first time in a straight back chair while on this hospital stay. The Hospital's Patient Progress Notes, however, indicate that plaintiff had sat in a chair on April 9 and April 10. On the morning of April 11, Nurse Neal placed the straight back chair near the bed. When sitting in the chair, plaintiff was supported on her right side by the bed. An over-the-bed table, on which the breakfast tray rested, gave plaintiff support in the front. There was no support on her left side.

Shortly after being given some medication and while left sitting alone in the room with her roommate, plaintiff fell to her left and struck her head on her roommate's bed or the floor. As a result of her fall, plaintiff suffered a cut near her right eye and a bruised chin. Plaintiff's complaint alleges that as a direct result of the negligence of defendant's nursing staff, plaintiff fell, injuring her face and right eye. Defendant denied any negligence. The case was tried before a Justice of the Superior Court on June 11, 1984 and plaintiff appeals from the resulting judgment for defendant.

In its judgment, the Superior Court stated that there appeared to be three theories of potential liability: 1) the use of straight back chairs for patients in plaintiff's condition is itself a breach of defendant's duty of care; 2) plaintiff's particular condition at the time of her fall made the nurse's decision to permit plaintiff to eat breakfast in a chair a breach of defendant's duty, and 3) the manner in which plaintiff was actually seated in the chair, with support to the right, front, and rear, but no support on the left, was a breach of defendant's duty. The Justice below found no evidence to support theories 1 and 2. Further, the Justice found that although evidence had been presented on theory 3, the evidence did not support a finding that defendant breached its duty of care.

■ Following entry of the judgment, plaintiff filed a "motion for amended findings" which took the form of an interrogatory addressed to the court.[1] Plaintiff asked "the effect that the absence of expert testimony had on the court's decision." The court responded that given the weakness of the actual evidence, the absence of expert evidence precluded a finding of negligence. Plaintiff now argues on appeal that the court erroneously held expert evidence to be essential. It is plaintiff's position that the decision to allow her to sit in the chair was dependent on common sense, rather than expert medical training. We

---

1. We have previously noted that it is inappropriate to pose interrogatories to the court under the guise of a request for findings. "Requests for findings of fact are not the equivalent of interrogatories ... and shall not be treated as such. The motion should provide the ... [court] with an opportunity to elucidate fully the pertinent findings of fact and conclusions of law on which his order was based." *See Sockabasin v. Indian Township Tribal Government,* 443 A.2d 69, 71 n. 2 (1982) (motion for findings was made pursuant to 39 M.R.S.A. § 99 (1978)).

agree that this is not a case where expert medical testimony was required. *See Hamor v. Maine Coast Memorial Hospital,* 483 A.2d 718, 722 (Me.1984); and *Cox v. Dela Cruz,* 406 A.2d 620, 622 (Me.1979). We do not read the judgment of the Superior Court, however, as *requiring* such testimony. Notwithstanding plaintiff's argument, we determine that the Superior Court found plaintiff's evidence to be unpersuasive and merely recognized the possibility that negligence might have been established if additional medical testimony had been offered. Plaintiff's case could have been established without expert testimony. The Superior Court found that it was not. Speculation about the possible impact of expert testimony does not create an error, where none otherwise exists.

## II.

■ In reviewing the judgment below, we begin with the unexceptionable proposition that a straight back chair is not inherently dangerous. Plaintiff presented no evidence that the particular chair she sat in to eat breakfast was structurally defective. *Cf. Kimball v. St. Paul Insurance Co.,* 421 So.2d 309, 309–310 (La.Ct.App.1982) (patient who fell while attempting to sit in "secretarial type" chair fatally failed to prove the chair's use or design was unreasonably dangerous). As we said in *Deojay v. Lyford,* 139 Me. 234, 237, 29 A.2d 111, 113 (1942), "[t]he mere fact of the happening of an accident is not evidence of negligence." Because no claim was made concerning the chair, in order to establish a breach of duty, plaintiff was required to present evidence that her physical condition rendered the chair inappropriate for her use.

■ As the Superior Court noted, the only testimony concerning plaintiff's condition at the time of her fall was that of Nurse Neal who found that plaintiff's vital signs were normal. The court considered but rejected any inference of negligence to be drawn from the manner in which plaintiff was seated, i.e. support in front, in back, and on her right. We find no error in the Superior Court's conclusion that plaintiff failed to prove defendant's negligence by a preponderance of the evidence.

■ Finally, plaintiff argues that the Superior Court erred in its resolution of possibly contradictory testimony. In *Tonge v. Waterville Realty Corp.,* 448 A.2d 902, 905 (Me.1982), we stated that "[i]t is primarily for the factfinder to judge the credibility of witnesses and to consider the weight and significance of any other evidence." Unless no competent evidence supports a lower court's findings of fact, the findings will stand. *See Lewisohn v. State,* 433 A.2d 351, 354 (Me.1981); M.R.Civ.P. 52(a). The record fully supports the Superior Court's findings.

The entry is:

Judgment affirmed.

All concurring.