STATE OF MAINE                                    SUPERIOR COURT
PENOBSCOT, ss.                                    CIVIL ACTION
                                                  DOCKET NO. CV-06-60
                                                  KMC-PEN - 9/11/2007

BEVERLY LANGLEY and          )
VIVIAN KNOWLES,              )
                             )
        Plaintiffs           )
                             )                    ORDER ON MOTION
                             )                    FOR SUMMARY JUDGMENT
            vs.              )
                             )
INHABITANTS OF THE TOWN      )
OF HAMPDEN,                  )
                             )
        Defendants           )

FILED & ENTERED
SUPERIOR COURT

AUG 1 0 2007

PENOBSCOT COUNTY

Pending before the Court is a Motion for Summary Judgment pursuant to Rule 56 M.R.Civ.P.

Upon review of the submissions the Court concludes that there is no genuine issue as to any material fact and that this case is appropriate for resolution by Motion for Summary Judgment. The Court considers the facts and reasonable inferences, giving the opposing party the benefit of any reasonable inferences which may be drawn from the facts. Curtis v. Porter, 2001 ME 784 A.2d 18, 22.

In summary fashion the material facts are that on April 14, 2004, the Town of Hampden's Public Works Department was engaged in its annual sewage line maintenance program. On that date it pumped water under pressure through its lines. Plaintiffs had just moved into a new house, which had been connected to the Town sewage lines. A root ball had invaded the clay pipe just below the connection to the plaintiff's house such that it obstructed the line and caused the sewage to back up into the plaintiff's home causing physical and emotional damage.

Plaintiffs filed a complaint against the Town of Hampden alleging claims of (1) negligence (2) negligence per se (14 M.R.S.A. 8104-A) and (3) negligent infliction of emotional distress. Defendant countered that this suit was barred by the doctrine of sovereign immunity.

14 M.R.S.A. 8104-A provides a waiver of immunity in four areas. The only area which arguably applies would be § 3 which provides: "Discharge of pollutants: A governmental entity is liable for its **negligent acts or omissions** in the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalines, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any water course or body of water, but only to the

extent that the discharge, dispersal, release or escape complained of is sudden and accidental."

The application of this waiver of immunity turns on whether this discharge was negligent. That is, was it the result of doing something a reasonable person would not do or failing to do something a reasonable person would do? <u>Mastriano v. Blyer</u>, 2001ME 779 A.2d 951. Negligence is predicated on the existence of a duty and a breach of that duty.

Plaintiff has introduced no material facts nor record references to material facts in response to Defendants Motion and Statement of Material Facts which would allow a jury to infer or to demonstrate a duty and breach of duty on the Town to act to prevent this horrendous event prior to the Town's efforts to flush the system. There is no evidence that the Town was warned or alerted to any problem in the functioning of the sewer system before this incident. The facts indicate that the Town was responding to annual maintenance needs as opposed to knowledge or awareness of an existing problem that had developed since the prior year.

The mere fact that this horrendous event happened is not evidence of negligence on the part of the Town of Hampden and its employees. <u>Rice v. Sebasticook Valley Hospital</u>, 487 A.2d 639, 641 (Me. 1985) Whether expert testimony might have provided that causal nexus to raise a question of fact is academic. The reality is that no evidence of negligence was presented to support a contested question of fact that would justify denial of this motion.

Defendant's Motion for Summary Judgment is GRANTED on the basis of immunity for the Town under the Maine Tort Claims Act and judgment is to be entered in favor of the defendant.

At the direction of the court, this Order shall be incorporated into the docket by reference. Rule 79(a).

Dated: August 10, 2007

_____
Justice, Superior Court

BEVERLY LANGLEY ET AL VS INHABITANTS OF THE TOWN OF HAMPDEN
UTN:AOCSsr  -2006-0032154                    CASE #:BANSC-CV-2006-00060
-------------------------------------------------------------------------
SEL VD                                REPRESENTATION TYPE      DATE
01 0000002967 ATTORNEY:FRANCO, MARK
ADDR:THREE CANAL PLAZA PO BOX 4630 PORTLAND ME 04112-4630
     F FOR:HAMPDEN INHABITANTS OF THE TOWN OF        DEF        RTND    05/12/2006


02 0000001113 ATTORNEY:HARDING, ALAN F
ADDR:427 MAIN STREET PO BOX 427 PRESQUE ISLE ME 04769-0427
     F FOR:BEVERLY LANGLEY                           PL         RTND    03/28/2006
     F FOR:VIVAN KNOWLES                             PL         RTND    03/28/2006




          Enter Option: A=Add, B+Sel=Browse, M=More, R+Sel=RltnEdit:

Select the EXIT KEY for page selection line.